CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 12 2021

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

| | | |
|---|---|---|
| CHARLENE B.,[1] | ) | |
|     Plaintiff, | ) | Civil Action No. 4:20cv00014 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| SOCIAL SECURITY | ) | By:   Joel C. Hoppe |
| ADMINISTRATION, | ) |         United States Magistrate Judge |
|     Defendant. | ) | |

Plaintiff Charlene B., appearing pro se, asks the Court to review the Social Security Administration's ("SSA") decision to reduce the amount of her monthly supplemental security income ("SSI") payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383f. *See* Compl. 1, ECF No. 2; Compl. Ex. 1, Pl.'s Position Statement ¶¶ 13, 20, ECF No. 2-1. She seeks a judgment against the SSA for $4,886.80, which reflects the total amount that Charlene alleges the SSA erroneously withheld between September 2016 and March 2018. Pl.'s Position Statement 4. The case is before me by the parties' consent under 28 U.S.C. § 636(c). ECF Nos. 6, 14.

Having reviewed the parties' filings and the applicable law, I find that the Court does not have authority to hear Charlene's case because she is not challenging "any *final decision* of the Commissioner of Social Security made after a hearing to which [s]he was a party," 42 U.S.C. § 405(g) (emphasis added). *See Smith v. Berryhill*, 139 S. Ct. 1765, 1771 (2019). Instead, she is challenging the SSA's *initial* determination, made in September 2016, to reduce her monthly payments by $244.33 after it found that the value of Charlene's monthly in-kind income went up

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

1

by the same amount. *See* Pl.'s Position Statement ¶ 13 ("[R]educing my supplemental security benefits [by] $244.33 for shelter and food was wrong."); Def.'s Br. in Supp. of Mot. to Dismiss, Decl. of Janay Podraza Ex. 10, Soc. Sec. Admin., Notice of Appeals Council Action ("On September 3, 2016, you received a notice informing you that your [SSI] would be reduced by $244.33 monthly for the value of food and shelter you received in someone else's home or apartment. . . . This was the initial determination in your case.") (Sept. 19, 2019), ECF No. 21-1, at 31; 20 C.F.R. § 416.1402(a)–(b). The SSA was still considering that initial determination when Charlene filed this lawsuit in February 2020. *See* Podraza Decl. Ex. 11, Soc. Sec. Admin., Order of Appeals Council (vacating ALJ's order dismissing Charlene's premature request for a hearing and instructing the SSA Field Office to determine whether Charlene could show "good cause for . . . [her] untimely request for reconsideration" of the September 2016 determination and, if so, to "reopen the prior determination and issue a revised determination on the issue of reduction of benefits") (Nov. 8, 2019), ECF No. 21-1, at 37–40. Accordingly, Defendant's motion to dismiss, ECF No. 20, will be granted and the action dismissed without prejudice for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3).

I. Standard of Review

A Rule 12(b)(1) motion to dismiss "challenges the district court's subject matter jurisdiction, asserting, in effect, that the plaintiff lacks any 'right to be in the district court at all.'" *State Constr. Corp. v. Slone Assocs., Inc.*, 385 F. Supp. 3d 449, 457 (D. Md. 2019) (quoting *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012)). The challenge can "proceed 'in one of two ways': (1) . . . a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction; or (2) a factual challenge, asserting 'that the jurisdictional allegations of the complaint are not true.'"

*MedSense, LLC v. Univ. Sys. of Md.*, 420 F. Supp. 3d 382, 389 (D. Md. 2019) (cleaned up) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). In a facial challenge, the facts alleged in the complaint are accepted as true, and the court must deny the Rule 12(b)(1) motion if those well-pled facts are enough to invoke the district court's authority to entertain the legal claims asserted. *See Kerns*, 585 F.3d at 172. In a factual challenge, on the other hand, the district court "may regard the pleadings as mere evidence . . . and may consider evidence outside the pleadings," *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2014), "to decide disputed issues of fact with respect to subject matter jurisdiction," *Kerns*, 585 F.3d at 192. *See Majors v. Astrue*, No. 3:08cv5, 2008 WL 414436, at *1 & n.1 (W.D. Va. Sept. 5, 2008) (considering declaration and exhibits attached to Commissioner's Rule 12(b)(1) motion). "[T]he plaintiff bears the burden of proving the truth of such facts by a preponderance of the evidence." *U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). When a plaintiff is pro se, the court should liberally construe her filings in determining whether she carried this burden. *Bond v. Soc. Sec. Admin.*, No. 4:13cv46, 2014 WL 2215902, at *6 (W.D. Va. May 29, 2014) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). The court must dismiss the action, without prejudice, if it determines at any time that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).

## II. The Legal Framework

The federal SSI program exists to ensure "a minimum level of income for people who are age 65 or over, or who are blind or disabled" and whose other income and resources fall below specified amounts. 20 C.F.R. § 416.110. A person's rights to SSI "payments—how much [s]he gets and under what conditions—are clearly defined in the law." *Id.* § 416.110(b). "The amount

3

of benefits paid under the program is inversely proportional to an eligible recipient's income" and generally "equals a periodically determined subsidence level of income" minus the value of the recipient's other qualifying monthly income. *Kennedy v. Shalala*, 992 F.2d 28, 29 (4th Cir. 1993); *see* 20 C.F.R. § 416.1100 ("Generally, the more income you have the less your benefit will be. If you have too much income, you are not eligible for a benefit. However, we do not count all of your income to determine your eligibility and benefit amount."). Because a person's income is "a major factor in deciding" the amount of her monthly SSI payments, 20 C.F.R. § 416.1100, the SSA must "redetermine" that amount "on a scheduled basis at periodic intervals" or when there is a change in the person's financial situation that affects her eligibility or benefit amount, *id.* § 416.204(b). If the person disagrees with the SSA's initial decision to reduce her monthly benefit, she can pursue three separate levels of "administrative review of the decision and if still not satisfied, [s]he may initiate court action." *Id.* § 416.110(b).

First, and most importantly in Charlene's case, the person must ask the agency to reconsider its initial determination by filing a written request within 60 days after receiving notice of the initial determination, or by asking for more time to file such request. *See id.* §§ 416.1400(a)(2), 416.1413b. Next, if the person is dissatisfied with the agency's "reconsidered determination" she must request a hearing before an Administrative Law Judge ("ALJ"), *id.* § 416.1430, who will issue a written decision setting out "findings of fact and the reasons for the decision," *id.* 416.1453(a). Finally, the person must ask the Appeals Council to review the ALJ's written decision. *Id.* § 416.1468. The Appeals Council's claim-ending resolution of this request for review produces "a[] final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was a party," which is then subject to judicial review under 42

U.S.C. § 405(g).² *See Smith*, 139 S. Ct. at 1772, 1774–77. If a claimant misses any of these steps, "there is no final decision and, as a result, no judicial review in most cases. In administrative-law parlance," the claimant cannot "obtain judicial review because [s]he has failed to exhaust administrative remedies." *Sims v. Apfel*, 530 U.S. 103, 107 (2000). Similarly, federal courts typically do not have jurisdiction to review SSI claims that are still being considered by the SSA when the claimant files suit because there is no "final decision," 42 U.S.C. § 405(g), for courts to review in those cases.³ *See Turner v. Soc. Sec. Admin.*, No. 5:17cv58, 2017 U.S. Dist. LEXIS 88639, at *2–3 (W.D. Va. June 8, 2017) (citing *Sims*, 530 U.S. at 107), *aff'd*, 705 F. App'x 187, 187 (4th Cir. 2017).

III. Background

In March 1992, the SSA determined that Charlene's diagnosed intellectual disability entitled her to SSI benefits beginning on October 1, 1991. *See* Podraza Decl. Ex. 2, Soc. Sec. Admin., Disability Determination & Transmittal (Mar. 3, 1992), ECF No. 21-1, at 9; Notice of Appeals Council Action, ECF No. 21-1, at 32. As of August 2016, Charlene received $733.00 each month, which was "[t]he most SSI money the law allow[ed the SSA] to pay" at the time. *See* Notice of Planned Action, ECF No. 21-1, at 15. On September 3, 2016, the Portsmouth Field Office sent Charlene a "Notice of Planned Action" informing her that the SSA was lowering her

---

² Section 405(g) is the sole source of statutory jurisdiction in civil actions seeking "to recover on any claim arising under," 42 U.S.C. § 405(h), Title XVI of the Social Security Act, *id.* § 1383(c)(3). *See Califano v. Sanders*, 430 U.S. 99, 107 (1977).

³ The Fourth Circuit recognizes a narrow exception in cases where the claimant seeks a writ of mandamus compelling the SSA to fulfill some clear, nondiscretionary duty owed to the claimant and her petition "establishes that 'the administrative process normally available is not accessible' because the agency fails or refuses to act. *Evans v. Comm'r of Soc. Sec. Admin.*, 670 F. App'x 156, 157 (4th Cir. 2016) (quoting *U.S. ex rel. Rahman v. Oncology Assoc., P.C.*, 198 F.3d 502, 515 (4th Cir. 1999)); *accord Heckler v. Ringer*, 466 U.S. 602, 616–17 (1984) ("[A]ssuming without deciding that . . . § 405(h) does not foreclose mandamus jurisdiction in all Social Security cases, . . . the District Court did not err in dismissing respondents' complaint here because it is clear that no writ of mandamus could properly issue in this case.").

monthly SSI payment "from $733.00 to $488.67 beginning [in] October 2016 . . . . because [her] other income increased." *Id.* at 10. The letter explained that the "food and shelter" Charlene received "in someone else's home" counted as "income" and that the SSA considered this food and shelter to be worth $244.33 as of August 2016.[4] *Id.* at 10, 15. Thus, Charlene's monthly SSI payments would also be reduced by $244.33. *Id.*; *see generally* Pl.'s Position Statement ¶¶ 13, 20. The letter explained that Charlene had the right to appeal, or request "reconsideration," if she disagreed with this initial decision. Notice of Planned Action, ECF No. 21-1, at 11–12. Charlene had 60 days, starting "5 days after the date on the letter," to file an appeal in writing. *Id.* at 12; *see* Podraza Decl. Ex. 5, Soc. Sec. Admin., Notice of Reconsideration ("[Y]ou did not submit your appeal within the 65 day time limit") (June 20, 2018), ECF No. 21-1, at 17. She "must have a good reason for waiting more than 60 days to file an appeal" if she missed this deadline. Notice of Planned Action, ECF No. 21-1, at 12.

On June 1, 2018, Charlene submitted a "Request for Reconsideration" form to the SSA's Martinsville Field Office. *See* Podraza Decl. Ex. 4, Soc. Sec. Admin., Req. for Reconsideration (June 8, 2018), ECF No. 21-1, at 16. Charlene asked the SSA to send a field representative to her father's house in Portsmouth so she could "prove[]" the initial September 2016 "computation by [the] Portsmouth SSA office [was] erroneous." *Id.*; *see* Notice of Appeals Council Action, ECF No. 21-1, at 31 ("You filed a request for reconsideration in response to this initial determination on June 1, 2018, which the Administration received on June 8, 2018, alleging the reduction of

---

[4] At the time, Charlene shared a home with her mother and two daughters in Portsmouth, Virginia. *See* Pl.'s Position Statement ¶¶ 4–5, 18; Podraza Decl. Ex. 5, Soc. Sec. Admin., Notice of Reconsideration ("You were receiving the full benefit rate, but moved in with your mother where you were not contributing to the household expenses.") (June 20, 2018), ECF No. 21-1, at 17; Notice of Planned Action ("You are living in someone else's house or apartment. We may be able to pay you more SSI money if you are paying your share of the household expenses. Contact us if you think you are paying your share."), ECF No. 21-1, at 11. Charlene alleges that she bought food for her household and paid rent to her father, who lived at a different address in town. *See* Pl.'s Position Statement ¶¶ 4–6, 11–12, 18, 20.

benefits was erroneous."); *accord* Pl.'s Position Statement ¶¶ 13, 18 ("Evidence was submitted to the Portsmouth Office" which showed that "reducing [her SSI] benefits [by] $244.33 for shelter and food was wrong" and that the Portsmouth Office never sent a representative to her father's house to "verify" that Charlene did not live there). On June 20, the Martinsville Field Office dismissed Charlene's request for reconsideration as untimely. Notice of Reconsideration, ECF No. 21-1, at 17 ("Because you did not submit your appeal within the 65 day time limit, you[r] . . . Reconsideration request dated 06/08/2018 has been dismissed."). The letter further explained that the September 3, 2016 Notice advised Charlene that her SSI "payments decreased" because she "moved in with [her] mother" and was not using her SSI check to pay rent or contribute to household expenses. *Id.* On November 27, 2016, Charlene got a second notice explaining "why [she was] not receiving the full benefit rate" and advising her that she would get a cost-of-living increase based on the lower amount. *Id.* "Both notices gave [her] 65 days to appeal the decision made if [she] disagreed with it," but Charlene "did not submit [her] appeal within" that timeframe. *Id.* The Notice of Reconsideration explained that Charlene could ask for a hearing with an ALJ if she disagreed with this decision. *Id.* As before, she had 60 days, starting "5 days after the date" on the notice, to file the request in writing. *Id.*

On June 25, Charlene sent a letter to her Congressman stating that she did use her SSI benefits to pay monthly rent and there was a "good reason why [she] waited more than 60 days" to appeal. *See* Pl.'s Letter to Rep. Morgan Griffith, ECF No. 21-1, at 20–21. Charlene did "not understand how the system works when it comes to things like exhausting administrative remedies" and there was no law requiring the "current educational system to teach people like [her] on how to do things like that." *Id.* at 20. Charlene's husband, Sam, sent a copy of this letter to the SSA. *See* Notice of Appeals Council Action, ECF No. 21-1, at 31.

7

Charlene requested an ALJ hearing in late June 2018. *See* Podraza Decl. Ex. 8, Soc. Sec. Admin., Order of Dismissal (Jan. 29, 2019), ECF No. 21-1, at 28; Notice of Appeals Council Action, ECF No. 21-1, at 31. She reiterated that she had a "good reason for not knowing how to submit forms like an appeal or request for reconsideration," namely that she "was never taught to do this in school." Notice of Appeals Council Action, ECF No. 21-1, at 31. On January 29, 2019, ALJ Brian Rippel issued an order dismissing Charlene's request because an SSI claimant "does not have a right to a hearing" where, as here, there "is no indication in the record that a reconsideration determination ha[d] been made in the case" before she requested the hearing. *Id.* There was no such indication in Charlene's record because the Martinsville "field office dismissed her appeal on June 20, 2018" after finding that she "did not request reconsideration within the prescribed 60-day period or establish good cause for not doing so." *Id.* ALJ Rippel explained that Charlene could appeal the dismissal order to the Appeals Council within 60 days and that, if she did not appeal or the SSA did not otherwise set aside the order, then the "action upon which [she] requested a hearing"—i.e., the SSA's initial decision to reduce her monthly benefits by $244.33 in September 2016—would be final and "cannot be changed except under special circumstances." *Id.*; *see* Notice of Appeals Council Action ("The effect of [the ALJ's] dismissal was to leave the September 3, 2016 initial determination as the final determination in your case."), ECF No. 21-1, at 31.

Charlene promptly asked the Appeals Council to review ALJ Rippel's dismissal order. *See* Podraza Decl. Ex. 9, Soc. Sec. Admin., Order to Vacate Dismissal (Mar. 11, 2019), ECF No. 21-1, at 29. The Appeals Council granted that request in September 2019. *See* Notice of Appeals Council Action, ECF No. 21-1, at 30–35. The Appeals Council explained that, although the field office's "June 20, 2018 dismissal of [Charlene's] request for reconsideration correctly reflected"

8

that she did not file the request "in a timely manner" after September 3, 2016, there was no indication that the office considered whether Charlene "had a good cause reason for filing an untimely request for reconsideration," *id.* at 32 (citing 20 C.F.R. § 416.1411), or whether Acquiescence Ruling ("AR") 90-4(4) applied in her case, *id.*

AR 90-4(4) provides special protections for SSI claimants living in certain states, including Virginia, who: (1) were unrepresented in agency proceedings; (2) failed to follow the agency's step-by-step rules for "requesting review of [a] prior determination" on their claim; and (3) present "a prima facie case that mental incompetence prevented him or her from understanding the procedures necessary for contesting that determination." Notice of Appeals Council Action, ECF No. 21-1, at 32; *see generally Carpenter v. Comm'r of Soc. Sec. Admin.*, No. 2:06cv22, 2008 WL 2553088, at *3–5 (N.D. W. Va. June 25, 2008) (explaining that AR 90-4(4) acquiesces in the Fourth Circuit's holdings in *Culbertson v. Secretary of Health & Human Services*, 859 F.2d 319 (4th Cir. 1988), and *Young v. Bowen*, 858 F.2d 951 (4th Cir. 1988)). The SSA in those cases must "determine whether the claimant actually did not understand" these procedures. If the agency decisionmaker finds "that a prima facie case is sufficiently conclusive to established that the claimant did not have the mental competence necessary to request review of the prior determination, then he or she will not apply . . . administrative finality, but will reopen the prior determination and issue a revised determination." Notice of Appeals Council Action, ECF No. 21-1, at 32. The Commissioner's own regulations also require agency decisionmakers to consider whether a claimant's "mental, educational, or linguistic limitations" might provide "good cause for missing the deadline to appeal a determination." *Id.* (citing 20 C.F.R. § 416.1411). Here, the Appeals Council found Charlene's statements that she "did not understand how to appeal or request reconsideration," as well as the fact she was awarded SSI

based on her diagnosed intellectual disability, "appear[ed] to imply this lack of understanding was due to [her] intellectual abilities." *Id.* at 32–33. On November 8, 2019, the Appeals Council essentially vacated ALJ Rippel's January 29 dismissal order and sent Charlene's case back to "the Field Office to determine whether AR 90-4(4) applies and/or whether good cause for [Charlene's] untimely request for reconsideration otherwise exits." *See* Order of Appeals Council ("[T]he dismissal of January 29, 2019 by the [ALJ] is of no effect."), ECF No. 21-1, at 39. "If so, the Field Office will reopen the [September 3, 2016] prior determination and issue a revised determination on the issue of reduction of benefits." *Id.* Charlene filed this lawsuit on February 11, 2020. ECF Nos. 1, 2.

In January 2021, the Commissioner moved to dismiss the action for lack of subject-matter jurisdiction, Fed. R. Civ. P. 12(b)(1), arguing that "there is no 'final decision after a hearing'" for this Court to review in Charlene's case because she did not complete all four steps of the administrative-review process before filing suit. *See* Def.'s Br. in Supp. of Mot. to Dismiss 3 (quoting 42 U.S.C. § 405(g)), ECF No. 21. Charlene responded that she "*did* exhaust her administrative remedies when [the] local office did nothing to reconsider the matter." Pl.'s Resp. in Opp'n 1 (emphasis added), ECF No. 22; *see also* Compl. 1 (alleging that she "exhausted administrative remedies" and purporting to seek "judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision of the Defendant [SSA] which has become final").

## IV. Discussion

The Social Security Act authorizes federal courts to review "any final decision of the Commissioner of Social Security made after a hearing" to which the plaintiff was a party. 42 U.S.C. §§ 405(g), 1383(c)(3). This language "clearly limits judicial review to a particular type of agency action," *Califano*, 430 U.S. at 108, and, as relevant here, it does not allow courts to

review agency actions or decisions that are still pending before the SSA when the claimant files suit. *See, e.g.*, *Barbara L. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-3465, 2019 WL 1573577, at *3 (D. Md. Apr. 10, 2019) (district court lacked jurisdiction under § 405(g) where claimant's reconsideration request was still pending before the agency when she filed suit and Commissioner had not waived statute's exhaustion requirement); *Turner*, 2017 U.S. Dist. LEXIS 88639, at *2–3 (district court lacked jurisdiction under § 405(g) where there was "no indication from the records provided" that the Appeals Council had acted on claimant's request for review before he filed suit); *cf. Evans*, 670 F. App'x at 156 ("[T]he district court correctly determined that it did not have subject matter jurisdiction over any action challenging the merits of the SSA's [initial] determination" denying Evans's claim for disability benefits where "Evans admitted that he had not proceeded beyond filing a request for reconsideration" (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)).

The Commissioner submitted competent evidence that, shortly before Charlene filed suit, the SSA agreed to consider whether it should excuse her failure to request reconsideration of the Portsmouth Field Office's initial determination within the time allowed by regulation. *See* Order of Appeals Council, ECF No. 21-1, at 39. The Appeals Council's Order also makes clear that the SSA may still review the merits of Charlene's challenge to the agency's September 2016 initial determination to cut her monthly SSI benefits by $244.33. *See id.* Charlene did not contest this evidence. *See* Pl.'s Resp. in Opp'n 1. And, although Charlene alleged that the SSA's field offices did not handle her claim the way she wanted them to and failed to correct their errors, *see, e.g.*, Pl.'s Position Statement ¶¶ 13–14, 17–28; Pl.'s Resp. in Opp'n 1, she has "not demonstrated that the SSA has refused to consider [her] case," *In re Smith*, 670 F. App'x 786, 787 (4th Cir. 2016) (dismissing mandamus petition for lack of jurisdiction). Accordingly, the Court does not have

authority to entertain Charlene's claims against the SSA. *See In re Smith*, 670 F. App'x at 787; *Barbara L.*, 2019 WL 1573577, at *3; *Turner*, 2017 U.S. Dist. LEXIS 88639, at *2–3. Charlene's recourse is to pursue her claim through the SSA's administrative procedures, as the Appeals Council instructed.

## V. Conclusion

For the foregoing reasons, Defendant's motion to dismiss, ECF No. 20, will be granted and the action dismissed without prejudice for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3). A separate Order shall enter.

The Clerk shall send certified copies of this Memorandum Opinion to the parties.

ENTER: July 12, 2021

*Joel C. Hoppe*

Joel C. Hoppe
United States Magistrate Judge